United States District Court
Southern District of Texas
FILED

MAR 1 9 2010

Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JAMES H. MAXWELL | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 4:09-cv-04038 |
| | ) |
| vs. | ) |
| | ) **PLAINTIFF'S FIRST AMENDED** |
| CHASE HOME FINANCE LLC, et al. | ) **COMPLAINT** |
| | ) |
| Defendants. | ) |

NOW COMES James H. Maxwell, Plaintiff, to file this Plaintiff's First Amended Complaint and would show the Court the following, to wit:

### Count 1

The Defendants violated the Consumer Credit Protection Act.

The Consumer Credit Protection Act, Title I, Truth-In –Lending Act- Chapter 2 Credit Transactions, Section 129 states in part that,

(a) DISCLOSURES-

(1) SPECIFIC DISCLOSURES. In addition to other disclosures required under this title, for each mortgage referred to in section 103(aa), the creditor shall provide the following disclosures in conspicuous type size:

(A) You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application.

1

(B) <u>If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan.</u>

(2) ANNUAL PERCENTAGE RATE. In addition to the disclosures required under paragraph (1), the creditor shall disclose—

(A) In the case of a credit transaction with a fixed rate of interest, <u>the annual percentage rate</u> and the amount of the regular monthly payment; or

(B) In the case of any other credit transaction, the annual percentage rate of the loan, the amount of the regular monthly payment, a statement that the interest rate and monthly payment may increase, and the amount of the maximum monthly payment, based on the maximum interest rate allowed pursuant to section 1204 of the Competitive Equality Banking Act of 1987.

(b) TIME OF DISCLOSURES

(1) IN GENERAL. <u>The disclosures required by this section shall be given not less than 3 business days prior to consummation of the transaction.</u>

The Defendants in this case have not complied with Section 129 (a)(1)(A) and (B) or fully complied with Section 129 (a)(2)(A) on the Mortgage Note or Real Estate Mortgage. Therefore, the Mortgage Note and Real Estate Mortgage was used in violation of the Consumer Credit Protection Act and Truth-in-Lending Act, 15 USC § 1601 through 1693r with civil and criminal penalties.

## Count 2

The Defendants did not supply or execute a Promissory Note to accompany the Texas Security Deed. A Texas Security Deed without a promissory note is void and vice-versa.

## Count 3

The Texas Security Deed was transferred and sold by Defendants without proper notice to Plaintiff in violation of the law. This is also in violation of the Texas security Deed.

## Count 4

The Defendants utilize Mortgage Electronic Registration Systems, Inc. (MERS) as a nominee to foreclose on Plaintiff's real property. MERS has no standing or right to bring AN ACTION FOR FORECLOSURE. The act of registration with MERS, a private company clearing system for mortgages, has serious chain-of-ownership issues with regards to the mortgage and promissory note since a sale is not legal unless there is a full transfer of the physical note. Inaccurate representations about the moving party's status as the noteholder may constitute a violation of Fed. R. Banker P. 9011 and may warrant sanctions under 28 USC § 1927. In this instant case, no promissory note was involved and could not have been transferred.

## Count 5

The Defendants used deceptive and predatory lending practices to give and extend credit to the Plaintiff who did not understand the terms and dangers of costly loans.

## Count 6

The Defendants do not have legal standing to foreclose on the Plaintiff's real property because neither are the "real party in interest" that can legally be determined to bring these claims before the Court. A Defendant illegally obtained the Security Deed. A Defendant illegally transferred and sold the Security Deed.

In other words, the alleged nonexistent Mortgage Note and Real Estate Mortgage or Security Deed is bogus, illegal, erroneous and void as to foreclose and sale of the said real property.

The Plaintiff asks for the following judgment:

1. Temporary and Permanent Injunction against the foreclosure and sale of said real property.
2. Actual damages to be paid to the Plaintiff in the amount of $825,000.00.
3. Punitive damages to be paid to the Plaintiff in the amount of $850,000.00.

THEREFORE, IT IS Prayed that Plaintiff's First Amended Complaint Judgment be granted.

Respectfully submitted,

*/s/ James H. Maxwell*
James H. Maxwell
334 Highpoint Crossing
Huffman, TX. 77336
281-686-4340

## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing Complaint is true and correct to the best of my knowledge and belief.

Witness my hand and seal this 19th day of March, 2010.

_____
James H. Maxwell

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the foregoing Plaintiff's First Amended Complaint was mailed to the attorneys below, via USPS Certified Mail on the 19th day of March 2010.

_____
James H. Maxwell

Barrett Daffin Frappier Turner & Engel, LLP
15000 Surveyor Boulevard, Suite 100
Addison, Texas 75001
USPS Certified Mail No. 7009 1410 0000 9468 7217

Quilling Selander Cummiskey Lownds
2001 Bryan Street
Suite 1800
Dallas, TX 75201
USPS Certified Mail No. 7009 1410 0000 9468 7224