```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

JAMES MAXWELL,                         §
                                       §
    *Pro Se* Plaintiff,              §
                                       §
VS.                                    §   CIVIL ACTION H-09-4038
                                       §
CHASE HOME FINANCE LLC, DOES           §
1-50, and U.S. BANK NATIONAL           §
ASSOCIATION J,P. MORGAN                §
MORTGAGE,                              §
                                       §
    Defendants.                     §

### OPINION AND ORDER

Pending before the Court in the above referenced cause, removed from state court on diversity jurisdiction, are (1) Defendants' Chase Home Finance LLC "CHF") and U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-HE-3 ("US Bank's")[1] Rule 12(b)(6) motion to dismiss or, alternatively, motion for more definite statement (instrument #4), and (2) *Pro Se* Plaintiff James Maxwell's ("Maxwell's") motion for order of judgment for failure to answer suit (#5).

### Maxwell's Motion for Order of Judgment

The Court addresses the latter motion first.  Maxwell seeks a default judgment against Defendants for $908,130.90 on the grounds that they failed to answer this suit.  Federal Rule of Civil

---

[1] US Bank states that it was improperly named "U.S. National Association J.P. Morgan Mortgage."

-1-

Procedure 55(a) states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b)(2) bars the clerk from entering default judgment "[i]f the party against whom a default judgment is sought has appeared personally or by a representative." The Fifth Circuit broadly defines "appear" not only to reach physical appearances in court or the filing of a document in the record, but also to cover "a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141–42 (5th Cir. 1996), *citing Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.3d 274, 276 (5th Cir. 1989). "The filing of a motion to dismiss is normally considered to constitute an appearance . . . ." *Sun Bank*, 874 F.3d at 277. Therefore, because CHF and US Bank have filed the pending motion to dismiss, the Court denies Maxwell's motion.

**Defendants' 12(b)(6) Motion to Dismiss or,**

**Alternatively, Motion for More Definite Statement**

CHF and US Bank move to dismiss this suit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. They assert that Plaintiff erroneously

alleges only that "the property was paid off with a Bonded Promissory Note." #1, attachment, Plaintiff's Original Petition at ¶ 5. He does not identify any causes of action, but alleges a number of conclusory affirmative defenses based on "facts [that] may come to light. . . ." *Id.* at ¶ 8.

Alternatively, Defendants seek a more definite statement with sufficient facts to state a claim for relief that is plausible on its face.

Plaintiff has failed to respond to the motion to dismiss.

### Standard of Review

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Kane Enterprises v. MacGregor (US), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003), *citing Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the

speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008).

Furthermore, the plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

In addition to the complaint, the court may review documents attached to the complaint and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s). *Collins*, 224 F.3d at 498-99. If an exhibit attached to the complaint contradicts an allegation in the complaint the exhibit controls. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

The district court is to construe liberally the briefs of *pro se* litigants and apply less stringent standards to them than to parties represented by counsel. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Even if the court finds that the plaintiff's complaint fails to state a claim, generally the court should give a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the suit with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

Moreover, even if a plaintiff fails to file a response to a motion to dismiss despite Local Rule 7.4's mandate that a failure

to respond is a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985). "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Id.* Instead a dismissal with prejudice by the court should be supported by a clear record of delay or contumacious conduct and a finding that lesser sanctions would not serve the system of justice. *Id., citing Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36*, 614 F.2d 529, 531 (5TH Cir. 1980).

### Court's Ruling

After reviewing the Original Petition, the Court agrees with CHF and US Bank that Plaintiff has failed to state a claim for which relief can be granted. He needs to allege sufficient facts to demonstrate exactly what conduct of Defendants has caused him what specific injury and what remedy he seeks by his suit, so as to state a plausible claim for relief that gives Defendants fair notice of the claim against them. Therefore the Court grants leave to Plaintiff to file within twenty days an amended complaint that satisfies these requirements.

Accordingly, for the reasons stated above, the Court

ORDERS that Plaintiff's motion for order of judgment for failure to answer suit (#5) is DENIED.  The Court further

ORDERS that Defendants' motion to dismiss is DENIED, but their motion for more definite statement (#4) is GRANTED.  Plaintiff shall file an amended complaint within twenty days with sufficient facts to state a claim for which relief may be granted under *Twombley*.

**SIGNED** at Houston, Texas, this 7th day of April, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE