UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MAXWELL | § | |
| Plaintiff | § § § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-4038 |
| CHASE HOME FINANCE LLC, does 1-50, and U.S. BANK NATIONAL ASSOCIATION J.P. MORGAN MORTGAGE | § § § § § | |
| Defendants | § § § | |

**DEFENDANTS CHASE HOME FINANCE LLC AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Chase Home Finance LLC ("CHF") and U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-HE3 ("U.S. Bank"), improperly identified as "U.S. Bank National Association J.P. Morgan Mortgage" (CHF and U.S. Bank are collectively "Defendants") file this Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint, and would respectfully show the Court as follows:

I.
SUMMARY

*Pro se* Plaintiff James Maxwell's ("Plaintiff") non-sensical allegations are patently meritless. Plaintiff has filed numerous pleadings, including the recently filed Second Amended Complaint (the "Second Amended Complaint"), in an attempt to delay a proper foreclosure sale. Plaintiff's claims should be dismissed pursuant to FED. R. CIV. P. 12 (b)(6) because the allegations fail to state a claim against Defendants upon which relief may be granted. Plaintiff's

TILA claim is barred by the statute of limitations. Plaintiff's remaining allegations are premised on his erroneous allegation that he did not execute a promissory note. Plaintiff has wholly failed to plead sufficient facts to state a claim for relief that is plausible on its face and his claims should be dismissed. Moreover, Plaintiff wholly failed to comply with this Court's prior orders requiring him to amend his pleading. He did not plead sufficient facts to state a claim for relief that is plausible on its face that gives Defendants fair notice of the claims against them and the Second Amended Complaint is not timely filed. Because Plaintiff has had more than ample opportunity to amend to try to state a claim, and has failed to state a claim, this civil action should be dismissed with prejudice.

## II.
## PROCEDURAL HISTORY

Plaintiff has engaged in a pattern of frivolous and dilatory pleadings in his attempt to delay the proper foreclosure sale. A procedural chronology follows:

| | |
|---|---|
| December 2, 2009 | Plaintiff filed his Original Petition in state court alleging he paid off the promissory note with a plainly bogus money order;[1] |
| December 18, 2009 | Defendants removed Plaintiff's lawsuit to federal court;[2] |
| December 28, 2009 | Defendants filed their Rule 12(b)(6) Motion to Dismiss or Alternatively Motion for More Definite Statement to which Plaintiff wholly failed to respond; |
| December 29, 2009 | Plaintiff filed a Voluntary Petition for Chapter 13 bankruptcy in the United States Bankruptcy Court, Southern District of Texas, Case No. 09-39799 (the "Bankruptcy");[3] |
| January 11, 2010 | Plaintiff filed a meritless Motion for Order of Judgment for Failure to Answer Suit;[4] |

---

[1] Docket No. 1, Ex. A-3.
[2] Docket No.
[3] Docket No. 1; United States Bankruptcy Court, Southern District of Texas, Case No. 09-39799.
[4] Docket No. 5.

| | |
|---|---|
| January 12, 2010 | Defendants filed their Response to Plaintiff's Motion for Order of Judgment for Failure to Answer Suit;[5] |
| February 11, 2010 | The Bankruptcy Court dismissed Plaintiff's bankruptcy and prohibited Plaintiff from filing another bankruptcy case for a period of 180 days;[6] |
| March 19, 2010 | Plaintiff filed his First Amended Complaint;[7] |
| April 5, 2010 | Plaintiff filed his Original Complaint in the United States District Court for the Southern District of Texas, Houston Division, Cause No. 4:10-cv-01101, seemingly in retaliation against individuals he believes are involved in the foreclosure of his home;[8] |
| April 7, 2010 | Opinion and Order entered wherein this Court "agrees with CHF and US Bank that Plaintiff has failed to state a claim for which relief can be granted" and ordering Plaintiff to file an amended complaint by April 28 with sufficient facts to state a claim for relief which may be granted under *Twombley*;[9] |
| April 19, 2010 | Plaintiff filed his First Amended Complaint in Cause No. 4:10-cv-01101 alleging claims against individuals he believes are involved in the foreclosure of his counsel including Defendants' counsel of record in this matter; |
| April 28, 2010 | Opinion and Order entered denying Plaintiff's Motion for Stay, striking Plaintiff's First Amended Complaint, and admonishing Plaintiff that "if he fails to timely file an amended complaint, as ordered, or show good cause why he could not, this case will be dismissed."[10] |
| April 30, 2010 | Plaintiff filed his untimely Second Amended Complaint which makes the same allegations as the First Amended Complaint and Plaintiff also filed a frivolous Motion for Sanctions.[11] |

---

[5] Docket No. 6.
[6] Docket No. 21; United States Bankruptcy Court, Southern District of Texas, Case No. 09-39799.
[7] Docket No. 9.
[8] Cause No. 4:10-cv-01101 is pending before Judge Lake.
[9] Docket No. 14.
[10] Docket No. 20.
[11] Docket Nos. 21 and 22.

## III.
## ARGUMENT AND AUTHORITIES

1. **Rule 12(b)(6) Motion to Dismiss.**

    A. **The Rule 12(b)(6) Standard of Review.**

Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in connection with Rule 8(a) which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."[12] To survive dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[13] A plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14]

Dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is required if the grounds for entitlement to relief, when assumed to be true, fail to "raise a right to relief above the speculative level."[15] In ruling on a motion to dismiss under Rule 12(b)(6), the Court must take the well-pleaded allegations of the complaint as true.[16] "At the same time, a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim."[17] Conclusory allegations and unwarranted deductions of fact are not accepted as true.[18] Dismissal is proper under Rule 12(b)(6) if there is either (a) the lack of a cognizable legal theory or (b) the absence of sufficient facts alleged under a cognizable legal theory.[19]

---

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007).
[13] *Id.* at 570.
[14] *Id.* at 555.
[15] *Id.*
[16] *Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).
[17] *Id.*
[18] *Id.*
[19] *Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex 1996).

### B. Plaintiff's Truth in Lending Act claim is barred by the statute of limitations.

A statute of limitations defense may be raised in a Rule 12(b)(6) motion to dismiss.[20] A TILA claim must be brought within "one year from the date of the occurrence of the violation."[21] Plaintiff alleges Defendants violated certain TILA disclosure requirements in connection with loan.[22] Plaintiff admits he executed a "Texas Security Deed."[23] Plaintiff executed a deed of trust on July 26, 2006.[24] Plaintiff's Original Complaint and Second Amended Complaint were not filed until approximately three and one-half years after the loan was executed. Plaintiff's TILA claim is barred by the statute of limitations and should be dismissed for failure to state a claim.

### C. Plaintiff does not allege a claim or any facts sufficient to state a claim against the Defendants.

Other than the alleged TILA violation that is barred by limitations, Plaintiff does not allege any claims against the Defendants. Despite his prior admissions, Plaintiff erroneously alleges he did not "execute a Promissory Note..."[25] but Plaintiff does *not* state any causes of action based on his mistaken allegation. Even in the unlikely event Plaintiff's conclusory allegations are construed as claims against the Defendants, Plaintiff has wholly failed to plead

---

[20] *Jones v. Bock*, 127 S.Ct. 910, 920-21 (2007)("If the allegations...show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim...."); *Cross v. Lucius*, 713 F.2d 153, 156 (5th Cir. 1983).
[21] 15 U.S.C. §1640(e)
[22] Plaintiff alleges the "Mortgage Note" and "Real Estate Mortgage" violated 15 U.S.C. §1601, *et seq.* Docket No. 21, p. 2.
[23] Docket No. 21, p. 3.
[24] A true and correct copy of the recorded deed of trust is attached as Exhibit A. "Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.'" *Williams v. Travelers Ins. Co.*, 99 F.3d 1135 (5th Cir. 1996), quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.), *cert. denied*, 512 U.S. 1219, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994); *see also Holmes v. National Football League*, 939 F.Supp. 517, 520, n. 2 (N.D. Tex. 1996).
[25] Docket No. 21, p. 3.

sufficient facts to state a claim for relief that is plausible on its face. Instead, Plaintiff makes bald assertions that are not supported by any factual allegations.[26]

### D. Plaintiff's Second Amended Complaint wholly fails to comply with this Court's prior orders.

On April 7, 2010, the Court held:

> Plaintiff has failed to state a claim for which relief can be granted. He needs to allege sufficient facts to demonstrate exactly what conduct of Defendants has caused him what specific injury and what remedy he seeks by his suit, so as to state a plausible claim for relief that gives Defendants fair notice of the claim against them....Plaintiff shall file an amended complaint within twenty days with sufficient facts to state a claim for relief which may be granted under *Twombley*.[27]

On April 28, 2010 the Court admonished Plaintiff "that if he fails to file timely an amended complaint, as ordered [on April 7], or show good cause why he could not, the case will be dismissed."[28] Plaintiff wholly failed to comply with the Court's orders. He did not plead sufficient facts to state a claim for relief that is plausible on its face that gives Defendants fair notice of the claims against them. Because Plaintiff does not state a claim against the Defendants and the Second Amended Complaint is void of any facts sufficient to state a claim against the Defendants, the Second Amended Complaint should be dismissed. The Plaintiff has been given ample opportunity to satisfy his pleading requirements, but he is plainly unable to do so.

In addition, the Second Amended Complaint is not timely. The Court ordered Plaintiff to file an amended complaint by April 28. Plaintiff failed to do so and he did not offer any explanation for his untimely filing of the Second Amended Complaint.

---

[26] For example, Plaintiff alleges "[a] Defendant illegally obtained the Security Deed. A Defendant illegally transferred and sold the Security Deed." Docket No. 21, p. 4.
[27] Docket No. 14, p. 6.
[28] Docket No. 20, p. 2.

WHEREFORE, PREMISES CONSIDERED, Defendants CHF and U.S. Bank pray that this Court dismiss all of Plaintiff's claims against them, and for such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

/s/ Gregory M. Sudbury
WM. LANCE LEWIS, Attorney-in-Charge
State Bar No. 12314560
SD Bar No. 28635
GREGORY M. SUDBURY, Of Counsel
State Bar No. 24033367
SD Bar No. 575264
**QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qsclpc.com
gsudbury@qsclpc.com

**ATTORNEYS FOR DEFENDANTS CHASE HOME FINANCE LLC AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-HE3**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been furnished to *pro se* Plaintiff in accordance with the Federal Rules of Civil Procedure, this 14th day of May, 2010 as follows:

*VIA CMRRR*

James Maxwell
334 High Point Crossing
Huffman, TX 77336

                                           */s/ Gregory M. Sudbury*
                                           Wm. Lance Lewis / Gregory M. Sudbury