## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JAMES MAXWELL** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:09-cv-4038** |
| | § | |
| **CHASE HOME FINANCE LLC, does 1-50,** | § | |
| **and U.S. BANK NATIONAL** | § | |
| **ASSOCIATION J.P. MORGAN** | § | |
| **MORTGAGE** | § | |
| | § | |
| **Defendants** | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendants Chase Home Finance LLC ("CHF") and U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-HE3 ("U.S. Bank") serves their Response to Plaintiff's Motion to Compel Production of Documents, and would respectfully show as follows:

## I.
## SUMMARY

*Pro se* Plaintiff James Maxwell's allegations against Defendants in this lawsuit are non-sensical and meritless. Plaintiff remarkably seeks to prevent the foreclosure sale despite his undisputed default of the loan. Defendants' Rule 12(b)(6) Motion to Dismiss should be granted, and Plaintiff's claims dismissed in their entirety.[1] Continuing his pattern of frivolous filings, Plaintiff filed a Motion to Compel Production of Documents.[2] Plaintiff's Motion is meritless and must be denied. Plaintiff's Request for Production to Defendants violated this Court's Order

---

[1] Docket No. 23.
[2] Docket No. 45.

-1-

regarding discovery and Defendants nonetheless asserted specific applicable objections to the Requests.

## II.
## ARGUMENT AND AUTHORITIES

1.      **Plaintiff's Request for Production violated this Court's Order.**

Defendants objected to Plaintiff's Request for Production in its entirety because it was served in violation of the Court's Order.  On September 9, 2010, an Initial Conference in this matter was held before Magistrate Judge Stacy.[3]   During the Initial Conference, the Court recommended that *pro se* Plaintiff seek an attorney to represent him in this matter and gave him until October 12, 2010 to do so.  The Court specifically ruled that *no discovery was to occur* in this matter until after October 12, 2010.  Plaintiff, in blatant disregard of the Court's Order, served his Request for Production on or about September 9, 2010.  Defendants objected to Plaintiff's Request for Production in its entirety because it violated this Court's Order.

Plaintiff's Motion to Compel seeks to mislead this Court regarding the rulings at the Initial Conference.  Remarkably, Plaintiff suggests this Court only intended for the prohibition on discovery to apply to the Defendants.  Plaintiff's argument is negated by the Court's rulings during the Initial Conference.[4]

2.      **Defendants' objections were properly asserted.**

Because Plaintiff's Request for Production was premature and violated this Court's Order, Defendants were not required to respond.  Nonetheless, Defendants asserted objections that specifically pertain to each of the requests.[5]  Plaintiff alleges Defendants "fabricated answers

---

[3] A true and correct copy of the transcript from the Initial Conference is attached as Exhibit A.
[4] *See* Exhibit A, p. 10, lines 18-20, p. 14, 11-14.
[5] A true and correct copy of Defendants' Response to Plaintiff's Request for Production of Documents is attached as Exhibit B.

that are evasive and incomplete...."[6]   Plaintiff is incorrect and mischaracterizes Defendants' objections.

The vast majority of Plaintiff's requests fail to specify with particularity the document or categories of documents sought and seek information that is not relevant and not calculated to lead to the discovery of admissible evidence.   For example, Plaintiff's Request No. 1 seeks, "[t]he original of all documents which creates the trustee relationship by, between, or otherwise relating to Chase Home Finance, LLC, et al, Mortgage Electronic Registration Systems, Inc., [*sic*]."[7]   This request for the "original of all documents" plainly does not specify with particularity the documents sought.   Moreover, Plaintiff's Second Amended Complaint, the live pleading in this matter, alleges a claim under the Truth in Lending Act and remarkably alleges Plaintiff did not execute a promissory note.[8]   Plaintiff's non-sensical request for documents related to an alleged trustee relationship between CHF and MERS does not seek relevant information calculated to lead to the discovery of admissible evidence.   Defendants' objections to Plaintiff's requests should be upheld.

**3.     Defendants are entitled to their reasonable expenses, including attorney's fees, incurred responding to the Motion to Compel.**

An award of Defendants' attorney's fees in the amount of $240 (representing one hour of work) from Plaintiff is warranted.   Plaintiff's Request for Production was served in blatant violation of this Court's Order.   Plaintiff's Motion is not supported by any evidence or legal authority and was filed for an improper purpose to harass Defendants and waste the Court's time

---

[6] Docket No. 45.
[7] Exhibit B, Req. No. 1.  Defendants objected to the request "because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought.  Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to this request because it is overly broad and unduly burdensome.  Defendants object to this request because it assumes and misstates facts. Defendants object to this request to the extent it seeks information that is proprietary or confidential.
[8] Defendants filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint which is pending. Docket No. 23.

and resources.  Plaintiff's motion is meritless and must be denied.  An award of fees may help discourage such frivolous filings in the future.

WHEREFORE, PREMISES CONSIDERED, Defendants CHF and U.S. Bank pray that Plaintiff's Motion to Compel be denied, that they be awarded reasonable expenses including attorney's fees as the prevailing party, and for such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Gregory M. Sudbury*
WM. LANCE LEWIS, Attorney-in-Charge
State Bar No. 12314560
SD Bar No. 28635
GREGORY M. SUDBURY, Of Counsel
State Bar No. 24033367
SD Bar No. 575264
QUILLING SELANDER CUMMISKEY & LOWNDS, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qsclpc.com
gsudbury@qsclpc.com

**ATTORNEYS FOR DEFENDANTS CHASE
HOME FINANCE LLC AND U.S. BANK
NATIONAL ASSOCIATION, AS TRUSTEE
FOR J.P. MORGAN MORTGAGE
ACQUISITION TRUST 2006-HE3, ASSET
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2006-HE3**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been furnished to *pro se* Plaintiff in accordance with the Federal Rules of Civil Procedure, this 10th day of January, 2011 as follows:

*VIA CMRRR*

James Maxwell
334 High Point Crossing
Huffman, TX 77336

_/s/ Gregory M. Sudbury_____
Wm. Lance Lewis / Gregory M. Sudbury

1

1    IN THE UNITED STATES DISTRICT COURT

2    SOUTHERN DISTRICT OF TEXAS

3    HOUSTON DIVISION

4  JAMES H. MAXWELL           §    CASE NO. 4:09-CV-04038
                              §    HOUSTON, TEXAS
5  VERSUS                     §    THURSDAY,
                              §    SEPTEMBER 9, 2010
6  CHASE HOME FINANCE, LLC, ET AL §  10:51 A.M. TO 11:06 A.M.

7

                    INITIAL CONFERENCE
8
            BEFORE THE HONORABLE FRANCES STACY
9            UNITED STATES MAGISTRATE JUDGE

10

11                    APPEARANCES:

12        FOR PLAINTIFF:     SEE NEXT PAGE

13        FOR DEFENDANT:     SEE NEXT PAGE

14        COURT RECORDER:    ROSARIO SALDANA

15        COURT CLERK:       BEVERLY WHITE

16

17

18

19

20                    PREPARED BY:

21        JUDICIAL TRANSCRIBERS OF TEXAS, INC.
                    P.O. Box 925675
22              Houston, Texas 77292-5675
          Tel: 281-328-6179 ▼ Fax: 281-462-2016
23              www.judicialtranscribers.com

24

25  Proceedings recorded by electronic sound recording;
       transcript produced by transcription service.


JUDICIAL TRANSCRIBERS OF TEXAS, INC.



EXHIBIT

*A*

2

```
1                          APPEARANCES:

2   FOR THE PLAINTIFF,
    JAMES H. MAXWELL:
3                              JAMES MAXWELL
                               334 HIGH POINT CROSSING
                               HUFFMAN, TX  77336
4                              PRO SE

5

6

    FOR THE DEFENDANT,
7   CHASE HOME FINANCE, LLC,
    et al:
8                              GREGORY M. SUDBURY, ESQ.
                               QUILLING SELANDER, ET AL
                               2001 BRYAN ST.
9                              SUITE 1800
                               DALLAS, TX  75201
10                             214-871-2100

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   <u>HOUSTON, TEXAS; THURSDAY, SEPTEMBER 9, 2010; 10:51 A.M.</u>

2       THE COURT:  The next case is 2009-4038, Maxwell

3   versus the Chase Home Finance, LLC, et al.

4       MR. SUDBURY:  I'm right here.

5       THE COURT:  Come on up.

6       MR. MAXWELL:  I'm right here.

7       THE CLERK:  Please state your name for the record.

8       MR. SUDBURY:  Gregory Sudbury for Defendant --

9       (Telephone recording ending.)

10      MR. MAXWELL:  I'm here.

11      THE COURT:  Are you Mr. Maxwell?

12      THE CLERK:  Are you the person I'm trying to call?

13  Oh, okay.

14      MR. MAXWELL:  I just said I'm here.  I guess you

15  didn't hear me.

16      THE CLERK:  Oh, I thought you were addressing the

17  Court.  I'm sorry.

18      MR. MAXWELL:  No.

19      THE COURT:  All right.

20      MR. MAXWELL:  I'm James H. Maxwell, Plaintiff.

21      THE COURT:  All right.  Have you tried to hire a

22  lawyer, Mr. Maxwell?

23      MR. MAXWELL:  No, ma'am.

24      THE COURT:  Are you going to try to hire a lawyer?

25      MR. MAXWELL:  Not at this point, no, ma'am.

1        THE COURT:  I can give you some suggestions, you

2   know.

3        MR. MAXWELL:  Okay.

4        THE COURT:  I can give you the collection -- my

5   collection of business cards of people that are frequently

6   representing plaintiffs who, you know, can't afford lawyers

7   necessarily or would prefer to have a contingent

8   arrangement, that kind of thing.

9             Is this a wrongful foreclosure case or what?

10       MR. MAXWELL:  This case was filed prior to any

11   foreclosure activities --

12       THE COURT:  Okay.

13       MR. MAXWELL:  -- by myself.  The Defendant

14   proceeded with the foreclosure, even though there was a

15   pending lawsuit, which is this case here on the property.

16   There was a duly recorded lis pendens, recorded with the

17   Harris County Clerk and also filed in this case, but the

18   foreclosure action continued anyway.

19       THE COURT:  Okay.  Well, I think that you -- if

20   you have a good claim that you're going to be much, much

21   better off with an attorney helping you.

22             You're not an attorney, are you?

23       MR. MAXWELL:  No, ma'am.

24       THE COURT:  Okay.  So I really think you should

25   get a little time to find a lawyer to get involved in this

5

1    case and I'm going to give you 30 days to do that.   Today is

2    the 9th of September and so the 12th of October is the first

3    week day 30 days from today and that is the deadline I'm

4    going to give you.

5              MR. MAXWELL:   What day?

6              THE COURT:   October 12th, to try to get an

7    attorney.   And this -- let's start giving you -- these are

8    lawyers that just appear in my court and frequently they are

9    representing people like you in situations like yours.   I

10   don't have any relationship with these lawyers, just so

11   Mr. Sudbury doesn't get nervous.

12                   I'll give you a copy of the business cards,

13   if you'd like?

14             MR. MAXWELL:   Sure.

15             MR. SUDBURY:   I certainly trust Your Honor, but my

16   client --

17             THE COURT:   But if you call them and they cannot

18   help you, ask them to refer you to another attorney who can

19   help you because there are lawyers out there who work with

20   people in your kind of situation, Mr. Maxwell, and I

21   encourage you to make a serious effort to try to get a

22   lawyer to help you in this case.

23             MR. MAXWELL:   I don't have the option to go

24   pro se?

25             THE COURT:   Oh, yes, you do.

1       MR. MAXWELL:  Okay.  So it's not --

2       THE COURT:  I'm just warning you against that.

3       MR. MAXWELL:  It's not mandatory?

4       THE COURT:  No.

5       MR. MAXWELL:  Okay.  Okay.

6       THE COURT:  No, no, no.

7       MR. MAXWELL:  I just wanted to clarify.

8       THE COURT:  But I'm strongly suggesting you try.

9       MR. MAXWELL:  I understand.

10      THE COURT:  And then you have these motions, the

11  Motion to Dismiss, for instance.  If you don't have an

12  attorney to help you respond to that -- have you filed a

13  response?

14      MR. SUDBURY:  He's not -- well, you directed to

15  him, I believe, but there's not a response.  We've got a

16  Motion to Dismiss a Second Amended Complaint filed in May.

17  I think it's Docket Number 23 that's been pending.

18          And it would be Defendant's preference, I

19  think, obviously -- but it would be our preference that we

20  not even enter a Scheduling Order until that motion has been

21  ruled upon.  There's some history of some various orders in

22  this case, some admonishments to the Plaintiff, which I

23  believe suggest the Motion to Dismiss will be heard.

24      THE COURT:  Well, until he has -- until his

25  deadline to get a lawyer involved expires, the Motion to

1    Dismiss will not be resolved.  In fact, he can have -- the

2    lawyer can have until -- if he gets a lawyer, he can have --

3    he or she can have until November the 10th to file a

4    response to the Motion to Dismiss.

5            So October 9th -- November 9th is the

6    deadline for attorney to appear for Plaintiff, and November

7    -- let's say November 10th -- November 10th is the new

8    deadline for an attorney to respond to the Motion to

9    Dismiss.

10            **MR. MAXWELL:**  November 10th?

11            **THE COURT:**  November the 10th, a lawyer -- if you

12   get a lawyer, your lawyer can respond to that motion by

13   November the 10th.

14            **MR. MAXWELL:**  And if I so chose, I can respond, as

15   well?

16            **THE COURT:**  I'm not extending your deadline.  That

17   was -- you know, that's been pending since May the 14th, so

18   I'm not extending your deadline.  You know, if you file a

19   response and Judge Harmon considers it, then that's not up

20   any -- but I'm not extending your deadline.  I'm extending

21   it if you get a lawyer involved, just as a courtesy to the

22   lawyer.

23            So I'll enter some of the dates that you have

24   put on this Scheduling Order.

25            Did you consult with each other on this?

1        **MR. MAXWELL:**  Yes.

2        **MR. SUDBURY:**  We did, but Your Honor, could I make

3   this suggestion and just point this out?  We were originally

4   supposed to have the 16 back in April and Plaintiff

5   unilaterally asked for a continuance of it and pushed this

6   back.  So now if he is potentially going to get more time to

7   respond to our pending Motion to Dismiss, I think my

8   preference, if the Court is inclined, is to see if he gets

9   an attorney, see if there's a response and then obviously,

10  if there's an attorney, I can work with him or her on the

11  dates.

12        I just don't know that it makes any sense at

13  this point to start putting dates down and doing any

14  discovery or anything in this case, given the situation.

15        And there's also -- and I think I should make

16  the Court aware, there's also another pending lawsuit in

17  front of Judge Lake where Mr. Maxwell apparently out of

18  retaliation for the foreclosure sale, have sued some

19  individuals and the bank --

20        **THE COURT:**  Okay.

21        **MR. SUDBURY:**  -- and me, personally, so we've also

22  got that.

23        **MR. MAXWELL:**  That suit was filed prior to the

24  foreclosure.

25        **THE COURT:**  I'm going to reset the Rule 16

1    Conference to December the 1st and note there must be a

2    joint discovery and case management plan on file by November

3    the 24th.

4            **MR. SUDBURY:**  And Your Honor, we have one on file.

5    Do you want another one with the --

6            **THE COURT:**  With the lawyer, yeah.

7            **MR. SUDBURY:**  Okay.  And I'm sorry that I'm the

8    one asking questions, but in the event Mr. Maxwell elects

9    not to get a lawyer for this, I mean, do you still want us

10   to comply with --

11           **THE COURT:**  A new joint discovery and case

12   management plan?  No.  No, but you will still have a Rule 16

13   conference --

14           **MR. SUDBURY:**  A Rule 16?  Oh, on December 1st.

15           **THE COURT:**  -- on December 1st.

16           **MR. SUDBURY:**  Right.  And that's all I'm

17   suggesting.  I don't want to have to go and redo what we've

18   already done.

19           **THE COURT:**  No.  You don't have to, but I think if

20   a lawyer gets involved in the case, that we should let the

21   attorney have input.

22           **MR. SUDBURY:**  Sure.

23           **THE COURT:**  Okay.

24           **MR. MAXWELL:**  But if I choose not to get an

25   attorney, then what's the timeline that we're dealing with?

1          **THE COURT:**  Then we will have a Rule 16 conference

2    on December the 1st.

3          **MR. MAXWELL:**  Okay.

4          **THE COURT:**  Just like this one and we will enter a

5    schedule at that time.

6          **MR. MAXWELL:**  Can we go ahead and proceed with the

7    dates that we've mutually agreed to?

8          **THE COURT:**  Well, Mr. Sudbury thinks that wouldn't

9    be a good idea in the case you're getting a lawyer -- in

10   case you're getting an attorney involved, an attorney will

11   want to formulate a schedule for you.

12         **MR. MAXWELL:**  Whatever dates I agreed to, they'll

13   have to agree to.  I mean, it's my case.

14         **THE COURT:**  Okay.  Well, if you want me to do

15   these schedules now?

16         **MR. MAXWELL:**  So I'd like to go ahead and get

17   those dates agreed to.

18         **THE COURT:**  Let's just put the dates in, but say

19   that no discovery will take place until after the expiration

20   of the attorney appearance deadline of October the 9th.

21         **MR. MAXWELL:**  Okay.  Then after that date, if I

22   choose not to get an attorney, then we can proceed further?

23         **THE COURT:**  Yes, yes.

24         **MR. MAXWELL:**  Is that right?

25         **THE COURT:**  Yes.  Okay.  So the motions -- let's

1  change that motion deadline -- October 28th is too soon for

2  Motions for Leave of Court to Amend Pleadings, or Leave of

3  Court to Join New Parties.  I'll make that date later.  Let

4  me get the right calendar year.

5           I think that the Motion for Leave of Court to

6  Amend Pleadings or Leave of Court to Join New Parties should

7  be December 13, 2010.

8           **MR. MAXWELL:**  Now are we going to -- do I need to

9  write this down, or are you going to provide it to us?

10          **THE COURT:**  I can hand you my copy so you can take

11  notes and then after the Clerk enters the Order, it'll be

12  provided to you at the address --

13          **MR. MAXWELL:**  Okay.

14          **THE COURT:**  -- that's on file here, High Point

15  Crossing?

16          **MR. MAXWELL:**  Yes, ma'am.

17          **THE COURT:**  Okay.  The Plaintiff's expert witness

18  deadline is going to be 2011, January the 20th.  We'll just

19  go off those dates.

20          And March 30th for the Defendant's expert

21  deadline.

22          And the discovery deadline will be -- it

23  should be at least 30 days, probably more like 45 days after

24  experts are designated, so we'll make it May 18th, 2011 for

25  discovery deadline.  That date can be extended by the

1  parties without leave of Court.

2              And then the motion deadline for dispositive

3  and non-dispositive motions can be June the 30th for Item 5

4  and 6, June 30th.

5              All right.  And the trial date that goes with

6  that, can be any of those September dates, September 12th,

7  September 26th, October 11th?  Take your pick.  Actually, it

8  can't be September 12th because the pretrial order is due

9  August 22nd and that's not eight weeks from June the 30th,

10 but it could be September 26th.  Is that agreeable to the

11 parties?

12             **MR. SUDBURY**:  That's fine with me, Your Honor.

13             **MR. MAXWELL**:  The 26th is good.

14             **THE COURT**:  All right.  September 26th is the

15 first day of the week period during which you should be

16 ready for trial.  The Docket Call is September 23rd.  The

17 pretrial order is due September 12th and you should also use

18 that date for trial-related motions.

19             Okay.  So I really encourage you to get an

20 attorney or somebody to help you, Mr. Maxwell, even if it

21 is --

22             **MR. MAXWELL**:  I've got assistance.

23             **THE COURT**:  You do?  Okay.

24             **MR. MAXWELL**:  Yes, ma'am.  That's why I'm going on

25 the basis that I prefer not to go with an attorney.

1        THE COURT:  All right.  So that's your schedule.

2        MR. MAXWELL:  So if you're in agreement, then

3   that's the direction I'm going to go.

4        THE COURT:  Well, it's not up to me.  My opinion

5   is completely different from yours.  I advise you to get a

6   lawyer; otherwise, you have very little chance of success,

7   but it's your decision.  That's why I'm giving you the extra

8   time.  So don't make a decision here in court.  You have 30

9   days.  Think about your options.  Discuss it with the person

10  that's advising you.  I think that you should get an

11  attorney.  Okay?

12        MR. MAXWELL:  Okay.  But these dates here --

13        THE COURT:  These dates are going to be entered --

14        MR. MAXWELL:  Right, okay.

15        THE COURT:  -- in the schedule.

16        MR. MAXWELL:  Okay.

17        THE COURT:  All right.

18        MR. MAXWELL:  So these dates will apply with or

19  without an attorney?

20        THE COURT:  Unless your lawyer asks for new dates,

21  but there shouldn't be any problem.

22        MR. MAXWELL:  Right.

23        THE COURT:  I mean, there's no deadline until

24  December of this year.  I don't think this will scare off a

25  potential lawyer at all.

1          MR. MAXWELL:  Okay.  All right.

2          THE COURT:  Okay.

3          MR. SUDBURY:  Okay.  And Your Honor, just 'cause

4   there are about two things and I apologize.

5          THE COURT:  It's all right.

6          MR. SUDBURY:  Very quickly, the deadline for him

7   to get a lawyer is October 12th or the 9th, did you say?

8          THE COURT:  October 12th.

9          MR. SUDBURY:  October 12th.  Okay.  So --

10          THE COURT:  The 9th is a Sunday.

11          MR. SUDBURY:  So the Court does not want any

12   discovery?  Basically we're going to stand down until the

13   12th?

14          THE COURT:  Correct.

15          MR. SUDBURY:  And Mr. Maxwell can determine

16   whether he wants to proceed or go on with lawyer?

17          THE COURT:  That's right.

18          MR. SUDBURY:  Okay.  Just so that's understood.

19          MR. MAXWELL:  After that date then, then we'll go

20   ahead and proceed with these dates --

21          THE COURT:  Yes.

22          MR. MAXWELL:  -- that you've written down here?

23          THE COURT:  Yeah, but that first one is

24   December 13th.  I mean, it's not any pressure.

25          MR. MAXWELL:  Right.  So after the October 12th,

1  then we can go ahead and continue with what the dates are

2  listed here?

3          **THE COURT:**  Yeah.

4          **MR. MAXWELL:**  Is that correct?

5          **THE COURT:**  Yes.

6          **MR. MAXWELL:**  Okay.

7          **THE COURT:**  All right.

8          **MR. MAXWELL:**  Thank you.

9          **THE COURT:**  Good luck with your case.

10          Thank you for appearing.

11          **MR. SUDBURY:**  Thank you, Your Honor.

12          **THE COURT:**  This hearing is adjourned.

13      **(Court confers with Clerk.)**

14          **MR. MAXWELL:**  So I'll get a copy of these dates?

15          **THE COURT:**  If you want to write them down --

16          **MR. MAXWELL:**  Sure.

17          **THE COURT:**  -- before you leave, you certainly

18  may.

19          **MR. MAXWELL:**  All right.  Thank you.

20          **THE COURT:**  If you can read my handwriting.  It is

21  questionable.

22          **MR. MAXWELL:**  Well, how quick would I get this

23  mailed to me?

24          **THE COURT:**  Within a couple of days, the Clerk of

25  the Court will enter it and send it to you --

16

1          MR. MAXWELL:  A couple of days?  Okay.

2          THE COURT:  -- at your house.

3          MR. MAXWELL:  Okay.  That's fine.

4          THE COURT:  Are you signed up to receive orders by

5    email?

6          MR. MAXWELL:  No, ma'am.

7          THE COURT:  You can do that.

8          MR. MAXWELL:  Really?

9          THE COURT:  In the Clerk's Office.  What?  Is that

10   on the Fifth Floor?

11         MR. MAXWELL:  Fifth Floor.

12         THE CLERK:  Yes, Judge, but they don't encourage

13   it for pro se movants.

14         THE COURT:  All right.

15         MR. MAXWELL:  I've got access to PACER, so that's

16   fine.

17         THE COURT:  So call them -- I mean, go by their

18   office.  If they want to sign you up for receiving things by

19   email --

20         MR. MAXWELL:  Right.

21         THE COURT:  -- you can try that.

22         MR. MAXWELL:  Okay.  Thank you very much.

23         THE CLERK:  You're welcome.

24      (Hearing adjourned at 11:05 a.m.)

25                         * * * * *

JUDICIAL TRANSCRIBERS OF TEXAS, INC.

1   *I certify that the foregoing is a correct transcript from*

2   *the electronic sound recording of the proceedings in the*

3   *above-entitled matter.*

4   */s lmartin*

5   _____

6   *JUDICIAL TRANSCRIBERS OF TEXAS, INC.*

7   *JTT JOB/INVOICE # 28573*

8   *DATE: SEPTEMBER 23, 2010*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **JAMES MAXWELL** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:09-cv-4038** |
| | § | |
| **CHASE HOME FINANCE LLC, does 1-50,** | § | |
| **and U.S. BANK NATIONAL** | § | |
| **ASSOCIATION J.P. MORGAN** | § | |
| **MORTGAGE** | § | |
| | § | |
| **Defendants** | § | |
| | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Chase Home Finance LLC ("CHF") and U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-HE3 ("U.S. Bank") serves their Objections and Responses to Plaintiff's Request for Production as follows:

Defendants object to Plaintiff's Request for Production in its entirety because it was served in violation of the Court's Order. On September 9, 2010, an Initial Conference in this matter was held before Magistrate Judge Stacy. During the Initial Conference, the Court recommended that *pro se* Plaintiff seek an attorney to represent him in this matter and gave him until October 12, 2010 to do so. The Court specifically ruled that no discovery was to occur in this matter until after October 12, 2010. Plaintiff, in blatant disregard of the Court's Order, served his Request for Production on or about September 9, 2010. Defendants object to Plaintiff's Request for Production in its entirety because it violates this Court's Order and is premature.

EXHIBIT
B

-1-

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   The original of all documents which create the trustee relationship by, between, or otherwise relating to Chase Home Finance LLC, et al, Mortgage Electronic Registration Systems, Inc.,

**RESPONSE:**  Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought.  Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to this request because it is overly broad and unduly burdensome.  Defendants object to this request because it assumes and misstates facts.  Defendants object to this request to the extent it seeks information that is proprietary or confidential.

**REQUEST FOR PRODUCTION NO. 2:**   Produce the original Mortgage/Deed of Trust and Note for inspection and copying at _____ (location), at (date) and (time).

**RESPONSE:**  Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and non-sensical.  Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to this request to the extent it seeks to impose an obligation not required by the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 3:**   An original of all documents which create the successor relationship by, between, or otherwise relating to Chase Home Finance LLC, et al, Mortgage Electronic Registration Systems, Inc., that demonstrates the defendants have standing to have brought the Complaint in Foreclosure.

**RESPONSE:**  Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought.  Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to this request because it is overly broad and unduly burdensome.  Defendants object to this request because it assumes and misstates facts.  Defendants object to this request to the extent it seeks information that is proprietary or confidential.

**REQUEST FOR PRODUCTION NO. 4**:    A copy of all documents which create the nominee relationship by, between, or otherwise relating to Chase Home Finance LLC, et al, Mortgage Electronic Registration Systems, Inc., that demonstrate the Defendant's have standing to have brought this Complaint in Foreclosure.

**RESPONSE**:        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought.  Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to this request because it is overly broad and unduly burdensome.  Defendants object to this request because it assumes and misstates facts.  Defendants object to this request to the extent it seeks information that is proprietary or confidential.

**REQUEST FOR PRODUCTION NO. 5**:    A copy of the documents that are relied upon by the Defendant's to demonstrate who is defined as the "Lender" by the Mortgage.

**RESPONSE**:        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought.  Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to this request because it is overly broad and unduly burdensome.  Defendants object to this request to the extent it seeks information that is proprietary or confidential.

**REQUEST FOR PRODUCTION NO. 6**:    If the "Lender is no longer Chase Home Finance LLC., a copy of the documents demonstrating who is now the "Lender."

**RESPONSE**:        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought.  Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to this request because it is overly broad and unduly burdensome.  Defendants object to this request to the extent it seeks information that is proprietary or confidential.

**REQUEST FOR PRODUCTION NO. 7**:    A copy of the document(s) that reference the Petitioner or his account and [any second mortgage holder, i.e., MERS] which are directly or indirectly in control of the Plaintiff and that are not protected by attorney-client privilege.

**RESPONSE:**      Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, non-sensical and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request to the extent it seeks information that is proprietary or confidential.

**REQUEST FOR PRODUCTION NO. 8:**   A copy of the servicing agreement that authorizes the Mortgage Servicer to represent the Mortgagee.

**RESPONSE:**      Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request because it assumes and misstates facts. Defendants object to this request to the extent it seeks information that is proprietary or confidential.

**REQUEST FOR PRODUCTION NO. 9:**   A recorded document that appointed MERS as an agent for the true lender and has authority to substitute the Trustee.

**RESPONSE:**      Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request because it assumes and misstates facts. Defendants object to this request to the extent it seeks information that is proprietary or confidential.

**REQUEST FOR PRODUCTION NO. 10:**  A copy of all document(s) referencing the Defendant or his account under the control of the Defendant that are not protected by attorney-client privilege.

**RESPONSE:**      Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, non-sensical and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks

information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request to the extent it seeks information that is proprietary or confidential. Defendants object to this request to the extent it seeks information which is attorney-client or attorney work product privileged.

**REQUEST FOR PRODUCTION NO. 11**:   A copy of all document(s) that are relied upon by the Defendant to demonstrate the Defendant has standing to bring and maintain this lawsuit.

**RESPONSE**:        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, non-sensical and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request because it assumes and misstates facts.

**REQUEST FOR PRODUCTION NO. 12**:   A copy of all documents that are relied upon by the Defendant's to demonstrate Chase Home Finance LLC, et al, is an agent of the Defendant in respect to the Mortgage and Note.

**RESPONSE**:        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, non-sensical and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request because it assumes and misstates facts. Defendants object to this request to the extent it seeks information which is attorney-client or attorney work product privileged.

**REQUEST FOR PRODUCTION NO. 13**:   A copy of any and all documents the Defendant's intend to rely upon at trial that has not already been provided to the Petitioner.

**RESPONSE**:        Subject to the preliminary objections, Defendants object to this request because it is overly broad, unduly burdensome and fails to specify with particularity the particular document or categories of documents sought. Defendants object because the request

seeks to require Defendants to marshal their evidence which is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. Defendants further object because this request is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 14**: A copy of documents provided to the Petitioner at the time of application through closing, including all TILA and RESPA disclosures.

**RESPONSE:**        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, non-sensical and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 15**: Provide any assignments or conveyances of mortgage/deed of trust and transferring the mortgage and note from immediate predecessor-in-interest of the Mortgage/Deed of Trust and Note to the Petitioner.

**RESPONSE:**        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request to the extent it seeks information that is proprietary or confidential, including but not limited to information that is private or confidential related to other customers. Defendants object to this request to the extent it seeks information which is attorney-client or attorney work product privileged.

**REQUEST FOR PRODUCTION NO. 16**: Provide any assignments or conveyances of the note transferring the mortgage and note from immediate predecessor-in-interest of the Mortgage/Deed of Trust and Note to the Defendant.

**RESPONSE:**        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request to

the extent it seeks information that is proprietary or confidential, including but not limited to information that is private or confidential related to other customers. Defendants object to this request to the extent it seeks information which is attorney-client or attorney work product privileged.

**REQUEST FOR PRODUCTION NO. 17**: Provide copies of all allonges to note under Defendant's control for the mortgage and note subject to this lawsuit.

**RESPONSE**:        Subject to the preliminary objections, Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request because it assumes and misstates facts. Defendants object to this request to the extent it seeks information that is proprietary or confidential.

**REQUEST FOR PRODUCTION NO. 18**:  Provide copies of all assignments or conveyances of mortgage under Defendant's control for the mortgage and note subject to this lawsuit.

**RESPONSE**:        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request to the extent it seeks information that is proprietary or confidential. Defendants object to this request to the extent it seeks information which is attorney-client or attorney work product privileged.

**REQUEST FOR PRODUCTION NO. 19**:  Provide copies of all assignments or conveyances of deeds-of-trust under Defendant's control for the mortgage and note subject to this lawsuit.

**RESPONSE**:        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request to

the extent it seeks information that is proprietary or confidential. Defendants object to this request to the extent it seeks information which is attorney-client or attorney work product privileged.

**REQUEST FOR PRODUCTION NO. 20**: If the chain of title does not provide the entire ownership of the note and mortgage uninterrupted, provide the documents that demonstrate the uninterrupted ownership of the note and mortgage from closing until today.

**RESPONSE:**        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request because it assumes and misstates facts. Defendants object to this request to the extent it seeks information that is proprietary or confidential. Defendants object to this request to the extent it seeks information which is attorney-client or attorney work product privileged.

**REQUEST FOR PRODUCTION NO. 21**: Provide the documents, as defined above, in the possession of the Defendant, which reference the petitioner or his account.

**RESPONSE:**        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, non-sensical and fails to specify with particularity the particular document or categories of documents sought. Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request to the extent it seeks information that is proprietary or confidential. Defendants object to this request to the extent it seeks information which is attorney-client or attorney work product privileged.

**REQUEST FOR PRODUCTION NO. 22**: Provide the documents that include memos, notes, and correspondence in the possession of Mortgage Electronic Registration Systems, Inc. which reference the defendant or his account which have not been provided as of yet.

**RESPONSE:**        Subject to the preliminary objections, Defendants object to this request because it is vague, ambiguous, and fails to specify with particularity the particular document or

categories of documents sought.  Defendants object to this request because it seeks information that is not relevant to any claim asserted in this action against them and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to this request because it is overly broad and unduly burdensome.  Defendants object to this request because it assumes and misstates facts.  Defendants object to this request to the extent it seeks information that is proprietary or confidential.  Defendants object to this request to the extent it seeks information which is attorney-client or attorney work product privileged.

Respectfully submitted,

_/s/ Gregory M. Sudbury_
WM. LANCE LEWIS, Attorney-in-Charge
State Bar No. 12314560
SD Bar No. 28635
GREGORY M. SUDBURY, Of Counsel
State Bar No. 24033367
SD Bar No. 575264
**QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qsclpc.com
gsudbury@qsclpc.com

**ATTORNEYS FOR DEFENDANTS CHASE HOME FINANCE LLC AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-HE3**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been furnished to *pro se* Plaintiff in accordance with the Federal Rules of Civil Procedure, this 11th day of October, 2010 as follows:

*VIA CMRRR*

James Maxwell
334 High Point Crossing
Huffman, TX 77336

                    */s/ Gregory M.Sudbury*
                    Wm. Lance Lewis / Gregory M. Sudbury