```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

JAMES MAXWELL, §
 §
　　　　*Pro Se* Plaintiff, §
 §
VS. § CIVIL ACTION H-09-4038
 §
CHASE HOME FINANCE LLC, DOES §
1-50, and U.S. BANK NATIONAL §
ASSOCIATION J.P. MORGAN §
MORTGAGE, §
 §
　　　　Defendants. §

## OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced cause, removed from state court on diversity jurisdiction and seeking to recover damages for a wrongful, nonjudicial foreclosure on the grounds that *Pro Se* Plaintiff James Maxwell's ("Maxwell's") loan was in violation of certain disclosure requirements of the Consumer Credit Protection Act, Title I, Truth in Lending Act ("TILA"), Section 129 (a)(1)(A) and (B) and (a)(2)(A), 15 U.S.C. 1639(a), are the following motions: (1) Defendants Chase Home Finance LLC's ("CHF's") and U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-HE-3's ("US Bank's") Rule 12(b)(6) motion to dismiss Plaintiff's Second Amended Complaint[1] (instrument #23); (2) Maxwell's motion for leave to file his Third

---

[1] US Bank states that it was improperly named "U.S. National Association J.P. Morgan Mortgage."

Amended Complaint (#36); (3) Maxwell's motion to compel production of documents (#45); and (4) Maxwell's motion for leave to file Fourth Amended Complaint (#47).

The Second Amended Complaint asserts that Defendants violated Sections 129(a)(1)(A) and (B) and (a)(2)(A), 15 U.S.C. 1639(a) of TILA, which state,

> (a) Disclosures
>
> > (1) Specific disclosures
> >
> > In addition to other disclosures required under this subchapter, for each mortgage referred to in section 16-2(aa) of this title, the creditor shall provide the following disclosures in conspicuous type size:
> >
> > (A) "You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application". [*sic*]
> >
> > (B) "If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan.". [*sic*]
> >
> > (2) Annual percentage rate
> >
> > In addition to the disclosures required under paragraph (1), the creditor shall disclose–
> >
> > (A) In the case of a credit transaction with a fixed rate of interest, the annual percentage rate and the amount of the regular monthly payment . . . .

Without explanation or factual support, Plaintiff alleges (1) that Defendants violated these provisions, (2) that they did not supply or execute a Promissory Note to accompany the Texas Security

Deed, and (3) that the Texas Security Deed was transferred and sold by Defendants without proper notice to Plaintiff. He further complains that Defendants used the Mortgage Electronic Registration Systems, Inc. (MERS) to foreclose on his real property and conclusorily charges that MERS has no standing to bring an action for foreclosure. Maxwell asserts vaguely that Defendants "used deceptive and predatory lending practices to give and extend Credit to the Plaintiff who did not understand the terms and dangers of costly loans." Finally he charges that Defendants lack legal standing to foreclose on Plaintiff's real property because they are not "real parties in interest." He claims that Defendants illegally obtained the Security Deed and illegally transferred and sold it. Maxwell seeks an injunction against the foreclosure and sale of his real property, actual damages in the amount of $825,000.00, and punitive damages in the amount of $850,000.00.

### Relevant Law

**Federal Rule of Civil Procedure 12(b)(6)**

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Kane Enterprises v. MacGregor (US), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003), *citing Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

"While a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, ___ F.3d ___, No. Civ. A. L-08-39, 2010 WL 3081504, * 3 (5th Cir. Aug. 9, 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 2010 WL 3081504 at * 3, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Furthermore, the plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)

"Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

The district court is to construe liberally the briefs of *pro se* litigants and apply less stringent standards to them than to parties represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(reciting the long-established rule that documents filed *pro se* are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V. (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). Here Defendants submit as Exhibit A to #23 a copy of the recorded deed of trust executed by Plaintiff on July 26, 2006 to show when the loan in dispute was executed.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

**TILA**

TILA was intended to protect a consumer from inaccurate and unfair credit practices and "'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Bittinger v. Wells Fargo Bank NA*, ___ F. Supp. 2d ___, Civ. A. No. H-10-1745, 2010 WL 3984626, *7 (S.D. Tex. Oct. 8, 2010), *quoting James v. City Home Service, Inc.*, 712 F.2d 193, 194 (5th Cir. 1983), *quoting* 15 U.S.C. §1601(a). *See also Ford Motor Co. v. Milhollin*, 444 U.S. 555, 559-60 (1980)(TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers.").

The statute requires creditors to disclose the terms and conditions of the loan to borrowers, including the amount financed, the finance charges, the number of payments scheduled to repay the loan, and the borrower's right to rescind the loan.  15 U.S.C. § 1635(a) and § 1638(a).

TILA imposes a one-year statute of limitations for damages claims; it begins to run from the date the violation occurs (i.e., when credit is extended through the consummation of the transaction between the creditor and its customer without the required disclosure having been made).  15 U.S.C. § 1640(e); *Bittinger,* 2010 WL 3984626, at *7, citing Stevens v. Rock Springs National Bank*, 497 F.2d 307, 309-10 (10th Cir. 1974).

### CHF's and US Bank's Motion to Dismiss (#23)

Complaining that Maxwell has filed numerous "nonsensical" pleadings, including the Second Amended Complaint (#21), in this litigation in an effort to delay a proper foreclosure sale, CHF and US Bank argue that the Second Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief may be granted.

First Defendants move to dismiss Plaintiff's Truth in Lending Act claim on the grounds that it is barred by the statute of limitations requiring that suit to be brought within "one year from the date of the occurrence of the violation."  Plaintiff's recorded deed of trust (Ex. A to #23) was executed on July 26, 2006, but his

Original Petition and Second Amended Complaint were not filed until approximately three and one-half years after the loan was executed.

Second, they argue that Plaintiff does not allege a claim or any facts sufficient to state a claim against Defendants. Although Plaintiff has admitted that he did execute a Promissory Note, he now claims that he did not, and he also does not state any cause of action based on this incorrect allegation. His allegations are conclusory and he has wholly failed to allege facts to state a claim for relief that is plausible on its face.

Last, even though the Court pointed out the deficiencies in his earlier complaint, he failed to comply with this Court's instructions on amending to state a plausible claim, despite having been given ample opportunity to do so. For all these reasons the Second Amended Complaint should be dismissed.

### Maxell's Response (#39)

Rather than respond to Defendants' arguments for dismissal, Plaintiff reiterates his complaint's conclusosry contention that MERS lacks standing to sue, and he submits a copy of the Substitute Trustee's Deed (Ex. A) used in the foreclosure, documenting that MERS was the original Mortgagee as Nominee for the lender. Maxwell argues,

> MERS has been proven through dicta used in other states to be a company with no standing. *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2010 ME Docket: Cum-09-640; *Landmark National Bank v. Kesler*, 2009 Kan. LEXIS 834. MERS is not in fact a 'mortgagee' within the meaning of the Texas property Code § 51.0001 and had no

>   jurisdiction to follow or pass title to anyone, let alone Chase Home Finance LLC.

The Court notes that MERS is not a party to this action, no less a plaintiff. Plaintiff provides no facts to explain his "claim." Maxwell further insists,

>   A chain with a broken link is not a chain at all. The Defendant's [sic] and others have never had standing to foreclose on Plaintiff; they too are not real parties of interest ab initio. The Defendant's [sic] have used the non-judicial foreclosure statute to foreclose upon Plaintiff with false documents in violation of the laws of the State of Texas. Based on the false representations, the recorded documents in the land records do not reflect true beneficial ownership of the deed and created a false chain of title.

### Court's Decision

TILA requires that disclosures to be made by the lender at the time the loan transaction is consummated between the consumer and the lender. 15 U.S.C. § 1639(b). The Court agrees with Defendants, and the record shows, that Plaintiff's TILA claim for damages is barred by the one-year statute of limitations. 15 U.S.C. § 1640(e); *Bittinger,* 2010 WL 3984626, at *7*, citing Stevens v. Rock Springs National Bank*, 497 F.2d 307, 309-10 (10th Cir. 1974); *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). "Nondisclosure is not a continuing violation for purposes of the statute of limitations." *Moore*, 784 F.2d at 633. As noted by Defendants, Plaintiff's recorded dead of trust was executed on July 26, 2006, evidencing consummation of the loan, but Maxwell's Original Petition (included in Exhibit 1 to #1, Notice of Removal)

was not filed until December 2, 2009.

Despite his express request for damages, even if the Court liberally construed his complaint as one for rescission based on his request for injunctive relief to stop the foreclosure, under TILA's three-year statute of limitations for a rescission claim under TILA, 15 U.S.C. § 1635(f), the complaint would still be time barred.

All Circuit Courts of Appeal that have addressed the question of equitable tolling have held that § 1640(e) is a statute of limitation subject to equitable tolling. *In re Harmon*, Bankruptcy No. 10-33789, 2010 WL 4273078, *4 (Bkrtcy., S.D. Tex. Oct. 22, 2010), *citing Ellis v. GMAC*, 160 F.3d 703, 706 (11th Cir. 1998); *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 502 (3d Cir. 1998); *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986); and *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984). In *Harmon*, Judge Isgar opined that the Fifth Circuit "has assumed, without deciding, that equitable tolling may be applied to § 1640(e)." *In re Harmon*, 2020 WL 4273078 at *4, *citing and quoting Moor*, 784 F.3d at 633 ("To clothe himself in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct."). Moreover, to trigger equitable tolling, a plaintiff must allege "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811

(5th Cir. 1998).  Despite his extensive filings in this action, Maxwell has never stated why he waited so long to file suit, never pleaded with specific facts that Defendants concealed their wrongful conduct, nor asserted any rare and unusual circumstances and thus fails to provide any basis for equitable tolling here.

Maxwell's Second Amended Complaint is his "third bite of the apple," and he has since filed two motions for leave to file a Third Amended Complaint to add two new defendants and a Fourth Amended Complaint because he "has found new evidence and needs this Complaint to show causes of action that have evolved in this suit." Moreover, the Court agrees with Defendants that the Second Amended Complaint (#21) makes the same allegations as his First Amended Complaint (#9), which, after the Court set out the appropriate pleading standards (#14), the Court struck on April 28, 2010 (#20) for failure to constitute a viable complaint, to provide sufficient facts to assert a plausible claim that would satisfy Rule 12(b)(6). Maxwell has failed to cure his problems in the Second Amended Complaint.  A motion for leave to amend may be properly denied for failure to cure deficiencies by prior amendments, *inter alia*. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).  Accordingly, the Court finds that permitting another amendment would not only be inappropriate, but would be prejudicial to Defendants, which have already expended substantial time, money, and patience in litigating this action.

-12-

Therefore the Court

ORDERS that Defendants' motion to dismiss (#23) is GRANTED and Plaintiff's motions for leave to amend (#36 and 47) are DENIED. Plaintiff's motion to compel (#45)is MOOT.

**SIGNED** at Houston, Texas, this 19th day of January , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE